JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Nicole L. Drey, SBN: 250235
        E-mail: ndrey@johnsonpham.com
Jason R. Vener, SBN: 267941
        E-mail: jvener@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> DAYRON BLANCO, an Individual doing business as MECHANICAL ROSES, and DOES 1-10, Inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES:** <br><br> **(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)]** <br> **(2) FALSE DESIGNATION OF ORIGIN/FALSE OR MISLEADING ADVERTISING/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];** <br> **(3) TRADEMARK DILUTION [15 U.S.C. §1125(c)]** <br> **(4) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)];** <br> **(5) UNFAIR BUSINESS PRACTICES [*CALIFORNIA*** |

1
2
3
4
5
6

**BUSINESS & PROFESSIONS CODE §17200]; and**
**(6) UNFAIR COMPETITION (California Common Law)**

**[DEMAND FOR JURY TRIAL]**

7   COMES NOW, Plaintiff ADOBE SYSTEMS INCORPORATED
8   (hereinafter "Plaintiff"), to hereby file its Complaint against DAYRON BLANCO,
9   doing business as MECHANICAL ROSES, and DOES 1-10, inclusive
10  (collectively "Defendants").

11                              <u>**PARTIES**</u>

12      1.    Plaintiff is now, and was at the time of the filing of this Complaint
13  and at all intervening times, a corporation duly organized and existing under the
14  laws of the State of Delaware, having its principal place of business in San Jose,
15  California.

16      2.    Plaintiff is informed and believes that DAYRON BLANCO is now,
17  and was at the time of the filing of this Complaint and at all intervening times, an
18  individual doing business as MECHANICAL ROSES and residing in Haileah
19  Gardens, Florida.

20      3.    The true names and capacities, whether individual, corporate,
21  associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are
22  unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious
23  names.  When the true names and capacities of said Defendants have been
24  ascertained, Plaintiff will amend this pleading accordingly.

25      4.    Plaintiff further alleges that DAYRON BLANCO, doing business as
26  MECHANICAL ROSES, and DOES 1-10, inclusive, sued herein by fictitious
27  names are jointly, severally and concurrently liable and responsible with the named
28  Defendants upon the causes of action hereinafter set forth.

## JURISDICTIONAL ALLEGATIONS

5.     This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 *U.S.C.* §1051 *et seq.*), and copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a)(b).

6.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has caused damages to Plaintiff in this district.

7.     Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

8.     This Court has personal jurisdiction over Defendants since Defendants have committed acts of infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell and have sold products that infringe the trademarks and copyrights of Plaintiff within this judicial district. Defendants have also offered to sell and actually sold counterfeit products (described more fully below) using an interactive Internet website and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants, believing that they were authentic goods

1   manufactured and distributed by Plaintiff or its authorized manufacturers.

2       9.    Personal jurisdiction exists over Defendants because on information

3   and belief, Defendants conduct business in California and in this judicial district,

4   have purposefully directed action to California and this district, or have otherwise

5   availed themselves of the privileges and protections of the laws of the State of

6   California, such that this Court's assertion of jurisdiction over Defendants does not

7   offend traditional notions of fair play and due process.

8                           **GENERAL ALLEGATIONS**

9              **Plaintiff and its Well-Known ADOBE® Software Products**

10      10.    Plaintiff is a corporation duly organized and existing under the laws of

11  the State of Delaware, with its principal place of business in San Jose, California.

12  Plaintiff is a global leader in developing and distributing innovative computer

13  software.  Its products and services offer developers and enterprises tools for

14  creating, managing, delivering and engaging with compelling content across

15  multiple operating systems, devices and media.  The software industry is

16  competitive, and Plaintiff undertakes great expense and risk in conceiving,

17  developing, testing, manufacturing, marketing, and delivering its software products

18  to consumers.  Software piracy undermines Plaintiff's investment and creativity,

19  and misleads and confuses consumers.  Plaintiff manufactures and distributes

20  software which bears Adobe's trademarks, including without limitation, the

21  ADOBE®, ACROBAT®, CREATIVE SUITE®, DREAMWEAVER®, FLASH®,

22  ILLUSTRATOR®,  MACROMEDIA®,  PAGEMAKER®,  PHOTOSHOP®,

23  POSTSCRIPT®, READER®, and SHOCKWAVE® trademarks (hereinafter

24  collectively referred to as "Adobe's Trademarks"). Plaintiff has secured

25  registrations for its trademarks, among others, with the United States Patent and

26  Trademark Office.  A non-exhaustive list of Plaintiff's trademark registrations is

27  attached hereto as **Exhibit A**.

28  / / /

11.   The success of Plaintiff's products and services is due in part to Plaintiff's marketing and promotional efforts.  These efforts include advertising and promotion through Plaintiff's websites, print and other internet-based advertising, among other efforts.  Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its products, services and marks.

12.   As a result of Plaintiff's efforts, the quality of Plaintiff's products has been prominently placed in the minds of the public.  Purchasers and users of Plaintiff's software and other products and services have come to recognize Adobe's Trademarks, products and services and associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.  Adobe's Trademarks are famous, indeed, a household word, and have acquired secondary meaning in the minds of consumers, both within the United States and throughout the world.

13.   In addition to the above, Plaintiff also owns exclusive rights under The Copyright Act to reproduce and distribute to the public copies of Adobe's software in the United States.  Titles so produced and distributed include ADOBE ACROBAT©,      DREAMWEAVER©,      FLASH©,      ILLUSTRATOR©, MACROMEDIA©, PAGEMAKER©, PHOTOSHOP©, POSTSCRIPT©, and READER©. Similarly, Plaintiff's software is copyrightable subject matter, and Plaintiff has secured registrations for its copyrightable ADOBE® software, among others, with the United States Copyright Office.   A non-exhaustive list of Plaintiff's copyright registrations is attached hereto as **Exhibit B**.

14.   While Plaintiff has gained significant common law trademark and other rights in its products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.  Additionally, Plaintiff has been vigilant in enforcing its intellectual property rights.

15.    Plaintiff has never authorized or consented to Defendants' use of Adobe's Trademarks, and any confusingly similar mark, and has not authorized Defendants to manufacture, copy, sell, or distribute any copyrighted products.

### Defendants' Wrongful and Infringing Conduct

16.    Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities who wish to take a free ride on both the goodwill, reputation and fame Plaintiff has spent considerable effort to build up in its products and Adobe's Trademarks, and the works embodied in Plaintiff's software products.

17.    A large number of these individuals and entities have pirated and counterfeited Plaintiff's software products.   Their actions vary and include manufacturing, copying, importing, advertising, promoting, selling, and distributing counterfeit products.   Other infringing activity consists of taking counterfeit or illegal copies of Plaintiff's software and installing or copying the illicit copies of the software onto personal computers, both desktop and laptop models, which are then sold to the public.   The purchaser of the computer is under the mistaken belief that Plaintiff's software installed on the computer is genuine, when in fact it is an illegal reproduction and counterfeit software.

18.    Plaintiff investigates and enforces its intellectual property rights against such illegal activity and, through such efforts, has learned of Defendants' illicit actions in producing and distributing counterfeit copies of Plaintiff's software.  On August 9, 2013, while examining possible infringing auctions on the electronic marketplace known as eBay, Plaintiff purchased an Apple MacBook Air laptop computer marketed as containing ADOBE®-branded software.  The suspect product was purchased at a cost of $1299.99 charged to the PayPal electronic payment account of Plaintiff's investigator.  A true and correct copy of the PayPal Transaction Details form is attached hereto as **Exhibit C**.

19.    The laptop computer was examined by Plaintiff, and the purported ADOBE programs contained thereon were analyzed. The analysis revealed that the laptop computers acquired from Defendants contained counterfeit and unauthorized copies of Plaintiff's software.

20.    On information and belief, Defendants made such unauthorized copies of Plaintiff's software.  Defendants' actions violate Plaintiff's exclusive rights in its trademarked and copyrighted material, and their use of images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Adobe's Trademarks.  Defendants' conduct and use began long after Plaintiff's adoption and use of Adobe's Trademarks, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiff's marks became famous. Indeed, Defendants had knowledge of Plaintiff's ownership of Adobe's Trademarks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion and dilute Plaintiff's marks.  Neither Plaintiff nor any authorized agents have consented to Defendants' use of Adobe's Trademarks or copyrights.

21.    Defendants are on notice of their infringing conduct.  On or about August 15, 2013, Plaintiff sent a cease and desist letter to Defendants via Certified Mail regarding their infringing conduct.  A return receipt for the certified letter was signed on or about August 19, 2013.

22.    On or about September 24, 2013, Plaintiff sent Defendants a final letter indicating that this lawsuit would be filed if Defendants continued to ignore Plaintiff's overtures.

23.    Plaintiff is informed and believes that, despite notice that their conduct is infringing, Defendants continue to sell computers containing counterfeit and unauthorized copies of Plaintiff's software.  Plaintiff has observed Defendants' offers for sale of computers loaded with software on multiple occasions, including but not limited to July 31, 2014.

24. Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

25. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff by (i) infringing and diluting Plaintiff's rights in Adobe's Trademarks; (ii) infringed Plaintiff's copyrights; (iii) applying counterfeit marks; (iv) misleading the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (v) using false designations of origin on or in connection with its goods and services; (vi) committing unfair competition; (vii) and unfairly profiting from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

### (Infringement of Registered Trademarks Against

### DAYRON BLANCO, d/b/a MECHANICAL ROSES, and

### Does 1-10, Inclusive)

### [15 U.S.C. §1114/Lanham Act §32(a)]

26. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-25.

27. Plaintiff has continuously used some of Adobe's Trademarks in interstate commerce since at least as early as 1993.

28. Plaintiff, as the owner of all right, title and interest in and to Adobe's Trademarks, has standing to maintain an action for trademark infringement under 15 U.S.C. §1114.

29.    Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered trademark holder of Adobe's Trademarks.

30.    Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of Adobe's Trademarks to deal in and commercially distribute, market and sell products bearing Adobe's Trademarks into the stream of commerce.

31.    Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Adobe's Trademarks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit software bearing Adobe's Trademarks.

32.    Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered Adobe's Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.   Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit software bearing Adobe's Trademarks.

33.    Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

34.    Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in Adobe's Trademarks.  Defendants' acts have been committed with knowledge that their conduct infringes Plaintiff's rights in Adobe's Trademarks.  Defendants have acted willfully, in bad faith, and with the intent to cause confusion or to cause mistake and to deceive.

35.    Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to Adobe's Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

36.    Defendants' continued and knowing use of Adobe's Trademarks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## SECOND CAUSE OF ACTION

### (False Designation of Origin/False or Misleading Advertising/Unfair Competition Against

### DAYRON BLANCO, d/b/a MECHANICAL ROSES, and

### Does 1-10, Inclusive)

### [15 U.S.C. §1125(a)/Lanham Act §43(a)]

37.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-36.

38.    Plaintiff, as the owner of all common law right, title, and interest in and to Adobe's Trademarks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125).  Adobe's Trademarks are inherently distinctive and/or have acquired distinctiveness.

39.    Defendants have, without authorization, on or in connection with their goods and services, used in commerce marks that are confusingly similar to Adobe's Trademarks, and/or have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation,

1    connection or association of Defendants with Plaintiff, and/or as to the origin,

2    sponsorship or approval of Defendants' goods or services or commercial activities.

3         40.    Defendants' conduct described above violates the Lanham Act, and

4    Defendants have unfairly competed with and injured and, unless immediately

5    restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an

6    amount to be determined at trial, and will cause irreparable injury to Plaintiff's

7    goodwill and reputation associated with the value of Plaintiff's mark.

8         41.    Defendant falsely and misleadingly advertised, promoted and sold

9    unauthorized Adobe-branded software.

10        42.    By such sale of unauthorized Adobe-branded software, Defendants'

11   customers would actually be deceived and/or have a tendency to be deceived into

12   believing that the software bearing Plaintiff's Trademarks is a genuine Adobe

13   product.

14        43.     Defendants' deception is material, in that Defendants would likely

15   influence customers into believing that the advertised Adobe software at one time

16   was manufactured by and/or originated from Plaintiff.

17        44.    Defendants' false and misleading advertisement and promotion of

18   Adobe Trademarked software entered into interstate commerce.

19        45.    By the direct diversion of sales, and the lessening of goodwill

20   associated with its Adobe-branded software, Plaintiff has been injured as a result

21   of Defendants' false and misleading advertisement, promotion, and sale of

22   unauthorized Adobe-branded software.

23        46.    On information and belief, the conduct of Defendants has been

24   knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to

25   deceive and in blatant disregard of Plaintiff's rights.

26        47.    Defendants knew or by the exercise of reasonable care should have

27   known that their adoption and commencement of use in commerce and continuing

28   use of Adobe's Trademarks that are confusingly similar to and constitute a

counterfeit reproduction of Plaintiff's marks would cause confusion, mistake, or deception among purchasers, users and the public.

48.   Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Adobe's Trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products of Plaintiff.

49.   Defendants' continuing and knowing use of Adobe's Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

50.   Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its software products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

51.   Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

/ / /

/ / /

1

**THIRD CAUSE OF ACTION**

2

**(Dilution Against**

3

**DAYRON BLANCO, d/b/a MECHANICAL ROSES, and**

4

**Does 1-10, Inclusive)**

5

**[15 U.S.C. §1125(c)]**

6       52.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs

7  1-51.

8       53.    Adobe's Trademarks are distinctive and famous within the meaning of

9  the Lanham Act.

10      54.    Upon information and belief, Defendants' unlawful actions began

11  long after Adobe's Trademarks became famous, and Defendants acted knowingly,

12  deliberately and willfully with the intent to trade on Plaintiff's reputation and to

13  dilute Plaintiff's mark.  Defendants' conduct is willful, wanton and egregious.

14      55.    Defendants' intentional sale of fake, pirated and counterfeit items

15  bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive,

16  mislead, betray, and defraud consumers to believe that the substandard imitations

17  are genuine software of Plaintiff. The actions of Defendants complained of herein

18  have diluted and will continue to dilute Adobe's Trademarks, and are likely to

19  impair the distinctiveness, strength and value of Adobe's Trademarks, and injure

20  the business reputation of Plaintiff and its marks.

21      56.    Defendants' acts have caused and will continue to cause Plaintiff

22  irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully

23  for the damages that have been caused and which will continue to be caused by

24  Defendants' unlawful acts, unless they are enjoined by this Court.

25      57.    As the acts alleged herein constitute a willful violation of section

26  43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to

27  injunctive relief as well as monetary damages and other remedies provided by 15

28  U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble

damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

### (Federal Copyright Infringement Against

### DAYRON BLANCO, d/b/a MECHANICAL ROSES, and

### Does 1-10, Inclusive)

### [17 U.S.C. §501(a)]

58.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-57.

59.     Plaintiff is the exclusive owner of copyrights in and related to its software products and possesses copyright registrations with the United States Copyright Office relating to the same.

60.     Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

61.     Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, distributing counterfeit ADOBE® software which are, at a minimum, substantially similar to Plaintiff's copyright protected works (*see* non-exhaustive list of Plaintiff's copyright registrations attached hereto as **Exhibit B**).

62.     Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

63.     Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased

damages, and reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against**

**DAYRON BLANCO, d/b/a MECHANICAL ROSES, and**

**Does 1-10, Inclusive)**

**[*California Business & Professions Code* §17200 *et seq.*]**

64.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-63.

65.     By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product of Plaintiff, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California Business and Professions Code §17200 *et seq*.

66.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit software of Plaintiff is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

67.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

68.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to and did induce and intends to and will induce customers to

purchase their products by trading off the extensive goodwill built up by Plaintiff in its marks.

69.    Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

70.    Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

71.    Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

72.    Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

## SIXTH CAUSE OF ACTION
### (Unfair Competition Against
### DAYRON BLANCO, d/b/a MECHANICAL ROSES, and
### Does 1-10, Inclusive)
### [California Common Law]

73.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-72.

74.   By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit software of Plaintiff, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the common law of the State of California.

75.   Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit software of Plaintiff is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

76.   Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

77.   By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiff's marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff in its marks.

78.   Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

79.   Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct

**COMPLAINT FOR DAMAGES**

1   and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff

2   has been and will be deprived of substantial sales of its products in an amount as

3   yet unknown but to be determined at trial, and has been and will be deprived of the

4   value of its trademarks as commercial assets, in an amount as yet unknown but to

5   be determined at trial.   Plaintiff seeks an order granting Defendants' profits

6   stemming from its infringing activity, and its actual and/or compensatory damages.

7        80.     Plaintiff has no adequate remedy at law for Defendants' continuing

8   violation of its rights set forth above.   Plaintiff seeks preliminary and permanent

9   injunctive relief.

10        81.     Plaintiff seeks exemplary or punitive damages for Defendants'

11   intentional misconduct.

12        WHEREFORE, Plaintiff ADOBE SYSTEMS INCORPORATED, prays for

13   judgment   against   Defendant   DAYRON   BLANCO,   doing   business   as

14   MECHANICAL ROSES, and DOES 1-10, inclusive, and each of them, as follows:

15        A. For an award of Defendants' profits and Plaintiff's damages in an amount

16            to be proven at trial for trademark infringement under 15 U.S.C.

17            §1114(a);

18        B. For an award of Defendants' profits and Plaintiff's damages in an amount

19            to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

20        C. For an award of Defendants' profits and Plaintiff's damages in an amount

21            to be proven at trial for false designation of origin and unfair competition

22            under 15 U.S.C. §1125(a);

23        D. For an award of Defendants' profits and Plaintiff's damages in an amount

24            to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

25        E. In the alternative to actual damages and Defendants' profits for the

26            infringement and counterfeiting of Plaintiff's trademarks pursuant to the

27            Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c),

28            which election Plaintiff will make prior to the rendering of final

18
**COMPLAINT FOR DAMAGES**

1    judgment;

2    F. In the alternative to actual damages and Defendants' profits pursuant to

3       17 U.S.C. §504(b), for statutory damages pursuant to 17 U.S.C. §504(c),

4       which election Plaintiff will make prior to the rendering of final

5       judgment;

6    G. For restitution in an amount to be proven at trial for unfair, fraudulent

7       and illegal business practices under *Business and Professions Code*

8       §17200;

9    H. For damages to be proven at trial for common law unfair competition;

10    I. For an injunction by this Court prohibiting Defendants from engaging or

11       continuing to engage in the unlawful, unfair, or fraudulent business acts

12       or practices described herein, including the advertising and/or dealing in

13       any counterfeit product; the unauthorized use of any mark, copyright or

14       other intellectual property right of Plaintiff; acts of trademark

15       infringement or dilution; acts of copyright infringement; false designation

16       of origin; unfair competition; and any other act in derogation of

17       Plaintiff's rights;

18    J. For an order from the Court requiring that Defendants provide complete

19       accountings and for equitable relief, including that Defendants disgorge

20       and return or pay their ill-gotten gains obtained from the illegal

21       transactions entered into and or pay restitution, including the amount of

22       monies that should have been paid if Defendants' complied with their

23       legal obligations, or as equity requires;

24    K. For an order from the Court that an asset freeze or constructive trust be

25       imposed over all monies and profits in Defendants' possession which

26       rightfully belong to Plaintiff;

27    L. For destruction of the infringing articles in Defendants' possession under

28       15 U.S.C. §1118 and 17 U.S.C. §503;

**COMPLAINT FOR DAMAGES**

1  M. For treble damages suffered by Plaintiff as a result of the willful and

2  intentional infringements and acts of counterfeiting engaged in by

3  Defendants, under 15 U.S.C. §1117(b);

4  N. For damages in an amount to be proven at trial for unjust enrichment;

5  O. For an award of exemplary or punitive damages in an amount to be

6  determined by the Court;

7  P. For Plaintiff's reasonable attorney's fees;

8  Q. For all costs of suit; and

9  R. For such other and further relief as the Court may deem just and

10  equitable.

11

12  **DEMAND FOR JURY TRIAL**

13  Plaintiff ADOBE SYSTEMS INCORPORATED respectfully demands a

14  trial by jury in this action.

15

16  DATED:  August 7, 2014                    JOHNSON & PHAM, LLP

17

18                                            By:
                                              Christopher D. Johnson, Esq.
19                                            Christopher Q. Pham, Esq.
                                              Nicole L. Drey, Esq.
20                                            Jason R. Vener, Esq.
21                                            Attorneys for Plaintiff
                                              ADOBE SYSTEMS
22                                            INCORPORATED
23

24

25

26

27

28